**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

CHIKE CHIME,                                  :
                                              :
                    Plaintiff,                :
                                              :
         v.                                   :         CIVIL ACTION NO.
                                              :         1:07-CV-0086-JOF
T. G. JORDAN, Badge No. 3033,                 :
in his professional and individual           :
capacity, and                                 :
CITY OF CLARKSTON, GEORGIA,                   :
                                              :
                    Defendants.               :

**<u>OPINION AND ORDER</u>**

This matter is before the court on Defendant City of Clarkston's motion to strike

Plaintiff's amended complaint [31-1]; Defendant City of Clarkston's motion for sanctions

[31-2]; and Plaintiff's motion to remand [9-1].

**I.      Background**

**A.      Procedural History**

Plaintiff, Chike Chime, filed suit against Defendants, T.G. Jordan and the City of

Clarkston, Georgia, on December 12, 2006, in the State Court of DeKalb County, alleging

violations of Plaintiff's Fourth, Fifth, and Fifteenth Amendment rights arising from

Defendant Jordan's arrest of Plaintiff on January 19, 2006.  Defendant City of Clarkston

(hereinafter "Clarkston") removed the suit to this court on January 11, 2007, on the grounds that subject matter of Plaintiff's complaint constituted a federal question. Plaintiff filed the instant motion to remand on February 22, 2007. Plaintiff then filed a second amended complaint on March 26, 2007. Defendant Clarkston filed the instant motions to strike the second amended complaint and for sanctions on April 11, 2007.

**B.    Facts**

Plaintiff, a resident of DeKalb County, Georgia, was driving his car in Clarkston city limits when he was pulled over by Defendant Jordan on January 19, 2006. (2d Am. Cmpl. ¶ 15.) Defendant Jordan was at the time employed as a city police officer by Defendant Clarkston. (Id. at ¶ 11.) Defendant Jordan arrested Plaintiff for speeding and obstruction of a police officer. (Id. at ¶ 17.) Plaintiff was confined to the DeKalb County Jail for four days. (Id.) On April 4, 2006, the City of Clarkston Municipal Court dismissed all charges against Plaintiff. (Id. at ¶ 18.)

Plaintiff asserts that he was stopped by Defendant Jordan without probable cause; that Defendant Jordan hit Plaintiff and assaulted him with pepper spray and a metal flashlight unnecessarily; and that Plaintiff was incarcerated for four days without reason. (2d Am. Cmpl. ¶¶ 15-17.) Plaintiff asserts state law claims of arrest, detention and confinement, refusing or neglecting to prevent, malicious prosecution, false arrest and false imprisonment, aggravated assault and assault, intentional infliction of mental and emotional distress, and

gross negligence in hiring and failure to properly supervise and train.  (Id., ¶¶ 1-8.)  Plaintiff also argues that, in taking these actions, Defendant Jordan and his employer, Defendant Clarkston, violated Plaintiff's civil rights as guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.  (Id., ¶ 21.)  Plaintiff asserts that Defendant Jordan had a well-documented history of excessive use of force and that Defendant Clarkston, by hiring Jordan without investigating his employment history, pursued an unconstitutional official policy that led directly to the assault on Plaintiff.  (Id., ¶¶ 25-27.) Plaintiff argues that Defendants are liable under 42 U.S.C. § 1983 for these violations of Plaintiff's constitutional rights.  (Id., ¶ 20.)

### C.    Contentions

Plaintiff contends that all substantive claims in his complaint arise under state law, that "[t]he use of § 1983 was necessitated as a procedural vehicle to avoid dismissal . . . for failure to timely present notice of claims pursuant to the Georgia Tort Claims Act," and that remand of the entire case to state court is proper.  (Br. in Supp. of Pl.'s Mot. to Remand 2-3.)

Defendant Clarkston asserts that federal court is the appropriate venue because Plaintiff presented federal constitutional questions via 42 U.S.C. § 1983.  (Def. Clarkston's Resp. to Pl.'s Motion to Remand 1.)  Further, Defendants contend that under both statute[1]

---

[1] 28 U.S.C. § 1367(c).

3

and prior case law federal district courts may not remand properly removed federal claims

to state court (Id. at 3).

## II.   Discussion

### A.   Motion to Strike Plaintiff's Amended Complaint

The Federal Rules of Civil Procedure state:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served.

> **Otherwise a party may amend the party's pleading only by leave of the court or by written consent of the adverse party**; and leave shall be freely given when justice so requires.  A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be longer . . . .

Fed. R. Civ. P. 15(a) (emphasis added).  Defendant Clarkston answered Plaintiff's complaint

on January 16, 2007; Defendant Jordan answered on March 13, 2007.  Plaintiff submitted

his second amended complaint on March 26, 2007.  Therefore, Plaintiff improperly filed the

second amended complaint, as he obtained neither leave of the court nor written permission

from Defendants to enter an amended complaint.

However, the second amended complaint differs from the first only in its paragraph

numbering.  (Pl.'s Resp. to Def. Clarkston's Motion to Strike Am. Cmpl. ¶ 6.  See also

Cmpl.; 2d Am. Cmpl.)  Because these are minor changes, the court will grant Plaintiff leave

4

to file the second amended complaint *nunc pro tunc*.  Defendants need not incur further costs by responding to the second amended complaint.  When referring to Defendants' responses to the complaint, the court will be aware that those paragraph numbers refer to the mis-numbered first complaint.  The court cautions counsel for all parties that future documents filed with the court must comport with both federal and local rules of civil procedure.  Thus, the court DENIES Defendant Clarkston's motion to strike Plaintiff's second amended complaint [31-1].  For the same reasons, the court DENIES Defendant Clarkston's motion for sanctions [31-2].

## B.    Motion to Remand

Plaintiff contends that this case should be remanded to state court because "[s]tate law claims predominate in this action." (Br. in Supp. of Pl.'s Mot. to Remand 4.)  The court disagrees.  Plaintiff's complaint outlines the several federal questions that give this court appropriate jurisdiction.  Plaintiff claims:

> Defendants worked a denial of Plaintiff's rights, privileges, and immunities secured by the United States Constitution by:  (a) Depriving Plaintiff of his liberty without due process of law; (b) Taking him into custody and holding him against his will; (c) Making an unreasonable search and seizure of his property; (d) Conspiring for the purpose of impeding and hindering due process of justice with intent to deny Plaintiff equal protection of law; (e) Refusing and neglecting to prevent such deprivations and denials to Plaintiff, thereby depriving him of his rights, privileges and immunities as guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

5

2d Am. Cmpl., ¶ 21.  In addition, Plaintiff claims that Defendants' conduct "constituted an active unconstitutional policy in which Clarkston participated, authorized and acquiesced." Id. at ¶ 27.  By claiming that Defendants' actions violate the United States Constitution, Plaintiff raises questions that are distinctly federal.  Article III of the Constitution states that the federal judiciary shall have original jurisdiction over "all cases, in law or equity, arising under this Constitution."  U.S. Const. art. III, § 2.

While the court agrees with Plaintiff that "42 U.S.C. § 1983 creates no substantive rights, but merely provides a remedy for deprivations of rights that have been established elsewhere," (Br. in Supp. of Pl.'s Mot. to Remand 2 (citing Oklahoma City v. Tuttle, 471 U.S. 808, 816 (1985))), federal courts have original jurisdiction over questions arising under the United States Constitution, and it is axiomatic that this court properly has subject matter jurisdiction over § 1983 claims.

Plaintiff asks the court to rely on Judge Birch's dissent in In re City of Mobile, 75 F.3d 605 (11th Cir. 1996), to justify remanding the entire case, including the properly removed federal questions, to Georgia state court.  The court declines to do so.  As an initial matter, the court is bound by  the majority opinion of In re City of Mobile, not the dissent. The plaintiff in Mobile filed suit in state court against (1) the private citizen whose car struck the plaintiff's car; (2) the police officer who was chasing that citizen at the time; and (3) the city of Mobile, Alabama.  75 F.3d at 606.  The plaintiff raised state law claims

against the private citizen, as well as federal claims of Fourth, Eighth, and Fourteenth Amendment violations under § 1983 against the officer and the city.  Id.  The defendants removed the case to federal court.  Id.  The district court remanded the case back to state court under 28 U.S.C. § 1367(c), holding that the state claims predominated.  Id. at 606-607. The majority in Mobile remanded the case and held that "[s]ection 1367(c) cannot be fairly read as bestowing on district courts the discretion to remand to a state court a case that includes a properly removed federal claim."  Id. at 607.  The Mobile court held that district courts do not have the discretion to remand to state court a case that includes a properly removed federal claim.  Id.

Judge Birch's dissent in Mobile does not take issue with the majority's holding with respect to 28 U.S.C. § 1367(c).  Mobile, 75 F.3d at 608.  Rather, he concluded that the district court could have remanded the case to state court under 28 U.S.C. § 1441(c) because the federal claim was not separate and independent from the state law claims.  Mobile, 75 F.3d at 608.

Here, however, Plaintiff fails to articulate which state claims would predominate so as to justify remand under § 1441(c).  Furthermore, remand under § 1441(c) is left to the discretion of the district court.  Even if the court concluded that § 1441(c) applied in this case, the court would decline to exercise its discretion to remand.  If remand is inappropriate in Mobile, in which state law claims were brought against a private citizen as well as § 1983

7

claims against a government and its employee, then remand is most assuredly inappropriate in the instant case, which involves *only* § 1983 claims against a municipality and its employee.

Finally, Plaintiff states that "[t]he use of § 1983 was necessitated as a procedural vehicle to avoid dismissal of Plaintiff's claims for failure to timely present notice of claims pursuant to the Georgia Tort Claims Act . . . . Plaintiff proceeded under § 1983 in the state court to avoid dismissal of state claims, since § 1983 preempts the state notice of claim provision and makes compliance with it unnecessary." (Br. in Supp. of Pl.'s Mot. to Remand 2 (citations omitted).) This may indeed have been the strategy of Plaintiff's counsel. It is, however, a strategy that has consequences. Utilizing § 1983 provides the basis for federal question jurisdiction, which allows Defendants to remove the complaint to this court.

In the instant case, in which Plaintiff argues that Defendants violated rights guaranteed to him by the United States Constitution and seeks the protection of § 1983, this court has original jurisdiction over those federal questions. For these reasons, the court DENIES Plaintiff's motion to remand [9-1].

**III.    Conclusion**

The court DENIES Defendant Clarkston's motion to strike Plaintiff's second amended complaint [31-1]; DENIES Defendant Clarkston's motion for sanctions [31-2]; and DENIES Plaintiff's motion to remand [9-1].

**IT IS SO ORDERED** this 21st day of June 2007.

_____ s/ J. Owen Forrester _____
J. OWEN FORRESTER
SENIOR UNITED STATES DISTRICT JUDGE

9